### JOHN SCOTT *v.* COMMONWEALTH.

**Criminal Law—Unlawful Breaking Into Warehouse—Burglary.**

If a window is closed, a door shut or the floor laid down, in use the breaking in by forcibly removing the one or opening the others is sufficient breaking to constitute burglary, if done in the night time with a felonious intent; and it is sufficient unlawful entry to constitute the breaking charged if done with intent to steal.

#### APPEAL FROM HARRISON CRIMINAL COURT.

June 25, 1878.

OPINION BY JUDGE COFER:

We cannot say that the court erred in its statement of what it takes to constitute a warehouse or an unlawful breaking into one. Mr. Bouvier defines a warehouse to be "A place adopted to the reception and storage of goods and merchandise." The house forcibly entered according to the proof was in use for the storage of whiskey and other articles raised or manufactured by its owner. It was not on the same lot with the dwelling or used as apart of it.

This house had been forcibly entered a few weeks before the

house breaking complained of by going under the house and forcing the floor up; but the floor had been replaced at the last breaking, but had not been nailed down.

It was in evidence on the trial of this cause not only that the appellant forced these replaced flooring planks out of their place, but that he removed the dirt and enlarged the entrance under the wall of the building; and if he did so enlarge the outside entrance or remove the planks in the floor with the design of committing a felony he was guilty of the offense charged in the indictment. The old doctrine that the door of the house has to be locked or the window bolted or it is no burglary to open or raise it is no longer the law.

If the window is closed, the door shut, or the floor laid down, in use the breaking in by forcibly removing the one or opening the others is a sufficient breaking to constitute burglary at common law if done in the night time with a felonious intent; and it is a sufficient unlawful entry to constitute the statutory offense charged if done with intention to steal. The evidence fully sustains the charge.

Wherefore the judgment of the lower court is *affirmed*.

*W. H. Ratcliffe, for appellant.   Moss, for appellee.*